UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATILANO ALEJANDRE OROZCO,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C26-2264<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's motion for a temporary restraining order ("TRO") enjoining what Plaintiff believes to be his imminent detention at a scheduled interview with Immigration and Customs Enforcement ("ICE") at 10:00 am tomorrow.  Dkt. No. 2.  Because Plaintiff has not complied with the requirements for an *ex parte* TRO and has not established a likelihood of success on the merits of his claims, the Court will deny his motion.

## I.    BACKGROUND

Plaintiff is a citizen of Mexico who most recently entered the United States without inspection in 2001.  Dkt. No. 1 ¶ 9.  He is currently subject to a reinstated final order of removal. *Id.* ¶ 22.  However, in 2014, Plaintiff was granted bond and released on his own recognizance. *Id.* ¶ 24.  Then, in 2019, ICE issued him an order of supervision ("OSUP"). *Id.* ¶ 28.  Since then, Plaintiff has attended regular check-ins with ICE as required by his OSUP. *Id.* ¶ 28.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

In 2023, Plaintiff filed an I-360 self-petition under the Violence Against Women Act ("VAWA"). *Id.* ¶ 30. Plaintiff alleges that U.S. Citizenship and Immigration Services ("USCIS") issued a determination that Plaintiff established a "prima facie case" of eligibility for his VAWA petition. *Id.* ¶ 31; *see also* 8 C.F.R. § 204.2(c)(6). A "prima facie case" determination means that USCIS determined that Plaintiff submitted a completed I-360 and other evidence supporting the required elements for his petition but "does not establish eligibility for the underlying petition." 8 C.F.R. § 204.2(c)(6)(ii).

Plaintiff alleges that the obligor for his previously paid bond received a "Notice to Obligor to Deliver Alien" from ICE dated May 27, 2026, which directs the obligor to "deliver" Plaintiff to the Seattle Field Office for ICE, Enforcement and Removal, at 10:00 a.m. on Tuesday, June 30, 2026, for an "interview." Dkt. No. 1 ¶ 5. Plaintiff believes that ICE intends to detain him at this interview pursuant to his reinstated removal order. *Id.* Accordingly, he filed this action under the Administrative Procedure Act ("APA") and this TRO motion seeking to prevent his imminent detention and possible removal to Mexico. Dkt. Nos. 1, 2.

## II. DISCUSSION

### A. Legal Standard

The legal standard governing TROs is "substantially identical" to the standard governing preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Id.* at 20. The Ninth Circuit

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

uses a sliding scale approach, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). "Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020).

**B.      Plaintiff Has Not Established His Entitlement to a TRO.**

Plaintiff has not met the requirements for an *ex parte* TRO nor established that he is likely to succeed on the merits of his claims. Accordingly, the Court is unable to grant preliminary relief before 10:00 am tomorrow morning and will deny Plaintiff's motion.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1). A court may issue such a TRO "only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). These restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). Accordingly, "very few circumstances justify[] the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

Here, Plaintiff waited until the evening before his scheduled ICE appointment to file this TRO motion, even though his complaint indicates he likely knew of the appointment for weeks.[1] *See* Dkt. No. 1 ¶ 5 (stating that ICE notice was dated May 27, 2026).  Moreover, his motion is unsupported by any affidavit or verified complaint as required by Rule 65(b)(1).  And his attorney has not filed the required certification explaining her efforts to notify Defendants of this motion or why notice should not be required.  Any one of these shortcomings is reason to deny *ex parte* relief.

In addition, Plaintiff cites no relevant authority for his argument that USCIS's prima facie determination as to his VAWA self-petition prevents ICE from lawfully revoking his OSUP or is relevant to whether ICE may seek to re-detain him.  Plaintiff cites 8 U.S.C. §§ 1611(a) and 1641(c).  Dkt. No. 2 at 3.  But those statutory provisions concern whether a non-citizen is ineligible for "any Federal public benefit" under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996.  *See* 8 U.S.C. § 1611(a) ("Notwithstanding any other provision of law …, an alien who is not a qualified alien … is not eligible for any Federal public benefit[.]"); *id.* § 1641(c) (defining a "qualified alien").  Accordingly, Plaintiff has not shown a likelihood of success on his claims that, because of USCIS's prima facie determination on his VAWA self-petition, ICE would violate the APA by re-detaining Plaintiff.

//

//

//

---

[1] "Parties facing the threat of immediate and irreparable harm generally seek a restraining order as quickly as possible." *Lee v. Haj*, No. 1:16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016).  Courts commonly deny TRO motions based on delays of a month, and some courts deny temporary relief based on delays of as little as ten days.  *See, e.g., Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (one-month delay); *Devashayam v. DMB Cap. Grp.*, No. 3:17-cv-02095- BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Altman v. Cnty. of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay) (N.D. Cal. Apr. 10, 2020).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

## III.  CONCLUSION

Accordingly, Plaintiff's motion for a TRO is DENIED.

Dated this 29th day of June, 2026.

Kymberly K. Evanson
United States District Judge